IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| JOHN RICHARD SANTORO and CLAIRE TERESIA SANTORO, | : | CASE NO. 14-61201-JRS |
| Debtors. | : | |
| SUNTRUST BANK, | : | |
| Movant, | : | |
| v. | : | CONTESTED MATTER |
| JOHN RICHARD SANTORO and CLAIRE TERESIA SANTORO, Debtor; and MARTHA A. MILLER, Trustee, | : | |
| Respondents. | : | |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that **SunTrust Bank** has filed a Motion for Relief from Automatic Stay and related papers with the Court seeking an order of relief from the Automatic Stay.

PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the Motion for Relief from Automatic Stay, in Courtroom 1404, The Richard B. Russell Federal Building, 75 Spring St., SW, Atlanta, Georgia at 1:30 p.m. on July 22, 2014.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings, or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address for the Clerk's Office is: Clerk, United States Bankruptcy Court, Room 1340, U.S. Courthouse, 75

Spring Street, SW, Atlanta, Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

IF THE MOTION IS FOR RELIEF FROM STAY, and a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consent to the automatic stay remaining in effect until the Court orders otherwise.

Dated: July 8, 2014

Signature: /s/Philip L. Rubin

Philip L. Rubin
5555 Glenridge Connector
Suite 900
Atlanta, Georgia 30342
404-869-6900
Bar Number 618525

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| JOHN RICHARD SANTORO and CLAIRE TERESIA SANTORO, | : | CASE NO. 14-61201-JRS |
| Debtors. | : | |
| SUNTRUST BANK, | : | |
| Movant, | : | |
| v. | : | CONTESTED MATTER |
| JOHN RICHARD SANTORO and CLAIRE TERESIA SANTORO, Debtor; and MARTHA A. MILLER, Trustee, | : | |
| Respondents. | : | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

NOW COMES SUNTRUST BANK (the "Movant") and moves this Court for relief from the automatic stay and shows the Court as follows:

1.

On June 6, 2014, John Richard Santoro and Claire Teresia Santoro ("Debtors") filed a Voluntary Petition pursuant to 11 U.S.C. Chapter 7, and said case is pending before this Court.

2.

Movant has a claim in this case secured by a first priority lien against Debtors' vehicle, to wit: 2011 Ford Fusion (the "Collateral"). The approximate payoff is $14,652.09. The account is delinquent $1,325.43 and contractually due for the April 21, 2014 payment and all subsequent payments.

3.

Debtors do not have an equity in the Collateral and the Collateral is not necessary to a reorganization that is in prospect. Debtors intend to voluntarily surrender the Collateral to Movant.

4.

Cause exists including the lack of adequate protection to grant Movant relief from the automatic stay so as to authorize Movant to dispose of the Collateral.

5.

Movant requests fees for the costs associated with the filing of this Motion.

6.

Movant has no proof of full coverage insurance protecting its interest in the Collateral.

7.

Movant requests that Bankruptcy Rule 4001(a)(3) be waived.

WHEREFORE, Movant prays that this Court:

(a) Hold a hearing pursuant to this Motion within thirty (30) days as is required under 11 U.S.C. Section 362(e);

(b) Grant Movant relief from the automatic stay under 11 U.S.C. Section 362(d) so as to allow Movant to recover and dispose of the Collateral and to apply the net proceeds generated therefrom to its claim in this case, and if the disposition results in a deficiency, amend its claim filed in this case, subject to objection;

(c) Rule 4001(a)(3) be waived;

(d) Award Movant attorney fees for the cost associated with the filing of the Motion for Relief; and

(e) Grant such other and further relief as the Court deems to be just and proper.

This July 8, 2014.

                        The Law Office of
                        LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
                        Attorneys for Movant

                        By:  /s/Philip L. Rubin
                              Philip L. Rubin
                              Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| JOHN RICHARD SANTORO and CLAIRE TERESIA SANTORO, | : | CASE NO. 14-61201-JRS |
| Debtors. | : | |
| SUNTRUST BANK, | : | |
| Movant, | : | |
| v. | : | CONTESTED MATTER |
| JOHN RICHARD SANTORO and CLAIRE TERESIA SANTORO, Debtor; and MARTHA A. MILLER, Trustee, | : | |
| Respondents. | : | |

**CERTIFICATE OF SERVICE**

The undersigned, Philip L. Rubin, hereby certifies that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that I served a copy of the MOTION FOR RELIEF FROM STAY and NOTICE OF ASSIGNMENT OF HEARING on the following by depositing same in the United States Mail in properly addressed envelopes with adequate postage to:

John Richard Santoro
Claire Teresia Santoro
100 Honey Tree Lane
Roswell, GA 30076

John C Barrett
288 Lawrence Street
Marietta, GA 30060

Martha A. Miller
Chapter 7 Trustee
Suite 2700
260 Peachtree Street NW
Atlanta, GA 30303

This July 8, 2014.

The Law Office of
LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
Attorneys for Movant

By: /s/Philip L. Rubin
Philip L. Rubin
Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia 30342
(404) 869-6900



# Lien and Title Information Report

2227-Suntrust Bank Inc.

| | | | |
|---|---|---|---|
| **Account Number** | [redacted] | **VIN** | 3FAHP0JA8BR137217 |
| **Customer** | JOHN SANTORO | | |
| **Organization ID** | 2227 | **Organization Name** | Suntrust Bank Inc. |
| **Lien Start** | 11/06/2010 | **Lien End** | 11/21/2016 |
| **Original Loan Amount** | $27,985.96 | **Lien Balance Amount** | $28,005.49 |
| **Lien Type** | Retail | **Dealer ID** | 045547 |

**Legal Status**

**Charge Off Status**

### Last ELT Transactions

| Received On | |
|---|---|
| 2014-06-28 06:40:18.0 | Delete Record - Printed |

### Borrower / Lesee Details

| | |
|---|---|
| **Name** | JOHN SANTORO<br>CLAIRE SANTORO |
| **Address** | 1885 BROADWELL OAKS DR,ALPHARETTA GA,30004 |

### Vehicle Information

| | | | |
|---|---|---|---|
| **Vehicle Type** | Auto | **Make** | FORD |
| **Model** | FUSION | **Year** | 2011 |
| **Mileage** | 0 | | |

### Title Information

| | | | |
|---|---|---|---|
| **Title Number** | 777415103212079 | **Title State** | GA |
| **Tag Number** | | **VIN** | 3FAHP0JA8BR137217 |
| **Status** | MATCHED | **Match Date** | 11/23/2010 |
| **Lien Expiration Date** | | **Media Type** | Paper |

### State Information

| | | | |
|---|---|---|---|
| **Name** | SANTORO,JOHN R<br>SANTORO,CLAIRE LAVERY | **Lessee** | |
| **Address** | 1885 BROADWELL OAKS DR,ALPHARETTA GA,300041587 | | |
| **Vehicle Type** | | **Make** | FORD |
| **Model** | | **Year** | 2011 |
| **Mileage** | 0 | | |
| **Title State** | GA | **Title Number** | 777415103212079 |
| **Brands** | | | |

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | |
|---|---|---|
| BILLY HOWELL FORD LINCOLN<br>1805 ATLANTA HWY<br>CUMMING GA 30040 | JOHN R SANTORO<br>CLAIRE LAVERY SANTORO<br>1685 BROADWELL OAKS DR<br>ALPHARETTA GA 30004 | No.<br>Date 11/06/2010 |

Business, commercial or agricultural purpose Contract. ☐ Refer to the attached addendum for additional Buyers and their signatures.

## Truth-In-Lending Disclosure

| Annual Percentage Rate | Finance Charge | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid when you have made all scheduled payments. | The total cost of your purchase on credit, including your down payment of $ 2,000.00 |
| 4.25 % | $ 3,824.36 | $ 27,985.96 | $31,810.32 | $ 33,810.32 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| | $ N/A | |
| 72 | $ 441.81 | MONTHLY BEGINNING DEC 21ST 2010 |
| | $ N/A | |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of the lesser of 5% of the unpaid amount of the payment due or $50.00.

**Prepayment.** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.

**Filing Fees.** $ N/A

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2011 | FORD | FUSION | 4DR SDN | 3FAHP0JA8BR137217 | 3 |

☒ New ☐ Used ☐ Demo

Other:

## Description of Trade-In

2009 HONDA PILOT
5FNYF38429B015673

## Conditional Delivery

☐ **Conditional Delivery.** A *Conditional Delivery Agreement* is being signed along with this Contract. The Conditional Delivery Agreement is incorporated by reference into this Contract, and a copy of the Conditional Delivery Agreement is attached to this Contract.

## Itemization of Amount Financed

| | |
|---|---|
| a. Cash Price of Vehicle, etc. (incl. sales tax of $ 412.47 ) | $ 26,305.96 |
| b. Trade-in allowance | $ 20,500.00 |
| c. Less: Amount owing, paid to (includes j): LOCKHEED GA EMPLOYEES C.U | $ 22,960.00 |
| d. Net trade-in (b-c; if negative, enter $0 here and enter the amount on line j) | $ 0 |
| e. Cash payment | $ N/A |
| f. Manufacturer's rebate | $ 2,000.00 |
| g. Deferred down payment | $ N/A |
| h. Down payment (d+e+f+g) | $ 2,000.00 |
| i. Unpaid balance of Cash Price (a-h) | $ 24,305.96 |
| j. Financed trade-in balance (see line d) | $ 2,460.00 |
| k. Paid to public officials - filing fees | $ 18.00 |
| l. Insurance premiums | $ N/A |
| m. Service Contract, paid to: | $ N/A |
| n. DOCUMENTARY FEE | $ 499.00 |
| o. | $ N/A |
| p. GAP | $ 700.00 |
| q. | $ N/A |
| r. GA WARR RIGHTS | $ 3.00 |
| s. | $ N/A |
| t. | $ N/A |
| u. Total Other Charges/Amts Paid (j thru t) | $ 3,680.00 |
| v. Prepaid Finance Charge | $ N/A |
| w. Amount Financed (i+u-v) | $ 27,985.96 |

We may retain or receive a portion of any amounts paid to others, except those fees paid to public officials.

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

Credit Life
☐ Single ☐ Joint ☒ None
Premium $ N/A Term N/A
Insured

Credit Disability
☐ Single ☐ Joint ☒ None
Premium $ N/A Term N/A
Insured

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: DOB

By: DOB

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A. If you get insurance from or through us you will pay $ N/A for ______ of coverage.

This premium is calculated as follows:

☐ $ N/A Deductible, Collision Cov. $ N/A
☐ $ N/A Deductible, Comprehensive $ N/A
☐ Fire-Theft and Combined Additional Cov. $ N/A
☐ ______ $ N/A

Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.

☐ **Single-interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for ______ of coverage.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of $ 27,985.96 plus finance charges accruing on the unpaid balance at the rate of 4.25 % per year from the date of this Contract until maturity. Finance charges accrue on a 365 day basis. After maturity, or after you default and we demand payment, we will charge finance charges on the unpaid balance at 4.25 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the Truth-in-Lending Disclosures. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

☐ **Additional Charge.** You agree to pay an additional charge of $ N/A that will be ☐ paid in cash. ☐ added to the Cash Price.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of $ N/A if you pay this Contract in full before we have earned that much in finance charges.

## Assignment

This Contract and Security Agreement is assigned to SUNTRUST BANK, the Assignee, phone (404) 588-8361.

This assignment is made
☐ under the terms of a separate agreement made between the Seller and Assignee.
☐ under the terms of the *Assignment by Seller* section on page 2.
☐ This Assignment is made with recourse.

Seller
By: [signature] 11/06/2010 Date

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ Service Contract
Term
Price $ N/A
Coverage

☒ Gap Waiver or Gap Coverage
Term 72 MONTHS
Price $ 700.00
Coverage

☐ ______
Term
Price $ N/A
Coverage

By: [signature] 11/06/2010 Date
By: [signature] 11/06/2010 Date

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: [signature] 11/06/2010 Date
By: [signature] 11/06/2010 Date

**Notice to Buyer.** 1. Do not sign this Contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the Contract you sign.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

Buyer
By: [signature] 11/06/2010 Date
By: [signature] 11/06/2010 Date

Seller
By: [signature] 11/06/2010 Date

## Additional Terms of the Sales Agreement

**Definitions.** "Contract" refers to this Retail Installment Contract and Security Agreement. The pronouns "you" and "your" refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns "we", "us" and "our" refer to the Seller and any entity to which it may transfer this Contract. "Vehicle" means each motor vehicle described in the *Description of Property* section. "Property" means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from us, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The "*Total Sale Price*" is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the Truth-in-Lending Disclosures assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

**Prepayment.** You may prepay this Contract in full or in part at any time. See *Minimum Finance Charge* section. Any partial prepayment will not excuse any later scheduled payments. A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**Balloon Payment.** If any scheduled payment is more than twice as large as the average of all other regularly scheduled payments, you may refinance that payment when due at our prevailing rates if you meet our credit standards at that time. The terms we offer for that refinance must otherwise be as favorable as the original terms of this Contract. This right does not apply if your payment schedule is adjusted for seasonal or irregular income, or we do not offer similar credit at that time.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of $30.00 or 5% of the face amount of the instrument, whichever is greater, plus the amount of any fees charged to the holder of the instrument by a bank or financial institution as a result of the instrument not being honored, after we provide any demand or notice required by law.

**Governing Law and Interpretation.** This Contract is governed by the law of Georgia and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** From time to time you agree we may monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

- You fail to perform any obligation that you have undertaken in this Contract.
- We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay reasonable attorneys' fees after default and referral to an attorney not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law and after we provide any required notices, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property, and we will give you any notice(s) required by law before we dispose of the property.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- Except when in use, the Property will be located at your address set forth in this Contract.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability.

## Notices

**Note.** If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Si compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.**

## Third Party Agreement

In this section only, "you" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

By: Date

## Assignment by Seller

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract.

(Separate Agreement. If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:

- This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
- The statements contained in this Contract are true and correct.
- The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
- This sale was completed in accordance with all applicable federal and state laws and regulations.
- This Contract is valid and enforceable in accordance with its terms.
- The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
- This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
- A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
- The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
- Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of nonpayment or nonperformance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compromise or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

**Unless otherwise indicated on page 1, this Assignment is without recourse.**

**With recourse.** If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.